UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEVELL MOORE,<br><br>                              Plaintiff,<br>     v.<br>DETECTIVE LAFRENIERE, *et al.*,<br><br>                             Defendants. | Case No. 3:24-cv-00083-MMD-CSD<br><br>ORDER |

**I.    SUMMARY**

Pro se Plaintiff Devell Moore filed this action under 42 U.S.C. § 1983, asserting claims based on an arrest that occurred on October 11, 2008. (ECF No. 7 ("FAC").) Before the Court is the report and recommendation ("R&R") of United States Magistrate Judge Craig S. Denney (ECF No. 10) recommending that the Court dismiss this action with prejudice. Plaintiff objected to the R&R. (ECF No. 11 ("Objection").) As further explained below, the Court overrules the Objection and adopts the R&R in full.

**II.    DISCUSSION**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's R&R, the Court is required to "make a de novo determination of those portions of the R&R to which objection is made." *Id.* The Court will thus review Judge Denney's recommendation to dismiss Plaintiff's claims de novo because Plaintiff objects.

Judge Denney addressed the deficiencies of Plaintiff's claims on the merits and further found that even without those deficiencies, the claims are barred by the applicable two-year statute of limitations. (ECF No. 10.) Plaintiff focuses on his allegations in his Objection, including the alleged police deception that led to his arrest, but those

allegations cannot state a viable claim as Judge Denney found. Plaintiff further responds that he was not aware of the "legal injury" and "[t]he injury was not brought to [his] attention of the possibility of the action until December of 2023." (ECF No. 11 at 3.) Again, the Court agrees with Judge Denney's finding that Plaintiff alleges in the FAC that he was not aware of the "legal injury" until December 2023, but the statute of limitations had long passed. (ECF No. 10 at 9.) Under Ninth Circuit case law, the statute of limitations begins to run when the plaintiff became aware of his "actual injury," "not when the plaintiff suspects a legal wrong." *Lukovsky v. City & Cnty. of San Francisco,* 535 F.3d 1044, 1049 (9th Cir. 2008) (citation and quotation marks omitted). Here, accepting Plaintiff's allegations—that the police engaged in wrongful conduct in arresting him and in the setting of his bail—as true, the injury occurred at the time of his arrest and when bail was set in October 2008. The limitations period accrued then, not when "it was brought to his attention of the possibility of action" in December 2023. (ECF No. 11 at 3.)

In sum, the Court agrees with Judge Denney and overrules Plaintiff's Objection.

### III. CONCLUSION

It is therefore ordered that Plaintiff's objection (ECF No. 11) to Judge Denney's Report and Recommendation (ECF No. 10) is overruled.

It is further ordered that Judge Denney's Report and Recommendation (ECF No. 10) is accepted and adopted in full.

It is further ordered that this action is dismissed with prejudice.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 4th Day of December 2024.

MIRANDA M. DU  
UNITED STATES DISTRICT JUDGE